J. H. HART ET AL. v. BOARD OF COMMISSIONERS OF BURKE COUNTY.

(Filed 15 September, 1926.)

**1. Taxation—Constitutional Law—Statutes—Revenue—Machinery Act— County Commissioners—Revaluation of Property.**

A statute that provides for the revaluation and equalization of the value of property by the county commissioners, to be levied in accordance with an existing constitutional statute, is not in its strict sense a revenue law requiring the separate readings before each branch of the Legislature upon the separate days, etc., prescribed by Art. II, sec. 14, of the State Constitution, but is in the nature of a machinery act, which does not fall within this constitutional requirement.

**2. Taxation—Constitutional Law—Classification of Property—Uniformity.**

Under the provisions of a statute authorizing the county commissioners to reassess, revalue and equalize property therein for the purpose of taxation, the determination of the commissioners thereunder is not objectionable as not being uniform when the assessment of each class of property is uniform within its own proper classification.

**3. Taxation—Counties—Assessment — Revaluation — Notice — Constitutional Law.**

Where a statute authorizes a county through its commissioners to revalue and reassess the property therein for taxation, and accordingly the board fixes a time therefor and adjourns for the purpose of having formulated the necessary information upon which they should act, and notice of the time for the taxpayers to be heard has been incorrectly published in a newspaper, and verbally at a certain day of the week and month, and correction likewise made sufficient to apprise the taxpayers in time to appear before the board and be heard: *Held,* the proceedings of the commissioners will not be declared invalid by reason of such error.

**4. Taxation—Counties—Statutes—Remedies—Appeal—Courts.**

Where the property owner is given sufficient notice to appear before the board of county commissioners and object to the valuation placed on his property for taxation, and fails to do so and pursue his remedy by appeal in accordance with the remedy prescribed by the statute applicable, he may not by independent action proceed in our courts to object to the valuation on his property fixed by the commissioners.

11—192

CIVIL ACTION, heard by *Webb, J.,* at March Term, 1926, of BURKE.

The facts necessary to the presentation of the merits of the controversy are set out in the judgment, which is as follows:

"The above-entitled action coming on for hearing, and being heard upon the pleadings and the affidavits offered by plaintiffs and defendants, the court finds as a fact that chapter 545 of the Public-Local Laws of North Carolina of 1925, ratified 9 March, 1925, was not read on three separate days in each House, and that the yeas and nays on the second and third readings were not entered on the journal, and being of the opinion upon inspection and consideration of said statute that the same merely provides for a revaluation and assessment of property in Burke County during the year 1925, and that the same, therefore, was not required to be enacted in accordance with the provision of section 14, Article II of the Constitution; the court is further of the opinion that the said statute is in all respects legal, valid and binding and in no way in conflict with the Constitution.

The court further finds as a fact that under the authority given and conferred on them by said statute and in the exercise of the discretion thereby conferred upon them the defendant, board of commissioners of Burke, entered an order for and caused a revaluation and assessment of all property to be made in Burke County during the year 1925, the same not being completed until the latter part of the summer of 1925, and that after the same had been completed the said defendant, board of commissioners of Burke County, sat as a county board of equalization, and heard complaints of the citizens of Burke County in regard to valuation and assessment, in some instances reducing them and in other instances increasing the valuation placed on said property by the tax listers and assessors.

The court further finds as a fact that the work of the tax lister and assessors not having been fully completed by the second Monday in July, the consideration of all complaints was deferred by the defendant, board of commissioners, until the assessments had been completed, and that on 22 September, 1925, when the defendant, board of commissioners finally sat as a county board of equalization for the purpose of hearing complaints of the citizens as to the valuations placed upon their property by the tax listers and assessors, and that in addition to verbal notices generally given by said board the following written notices were given of the time when complaints would be heard, the same being published in the *News-Herald,* a newspaper published in Morganton, Burke County. In the weekly publication or issue of 10 September, 1925, the following notice:

" 'Monday, 21 September, for hearing tax complaints. The county commissioners have set aside Monday, 21 September, as the time for hearing tax complaints.'

"And the said newspaper in its issue of 16 September, 1925, contained the following notice:

" 'Tuesday, the 22nd, is the day for tax complaints. Attention is called to the fact that Tuesday, 22 September, is the date set by the county commissioners for hearing tax complaints. By error, it was given in last week's paper as Monday, 21st.'

"The court finds as a fact that no notice was given to the plaintiffs of the notice of 22 September, 1925, other than the notice published in the paper.

"The court further finds as a fact many of the citizens of the county of Burke appeared before the county board of commissioners on 22 September, 1925, sitting as a board of equalization, made complaints as to the valuation of their property which were heard and passed upon by said board, and some appeals taken from their ruling, and that at frequent intervals since that date complaints have been made to the defendant board by the citizens of said county of the valuation placed upon their property, and that the defendant board is still attempting to obtain evidence and ascertain whether any real property in said county has been valued too high and correct any errors or mistaken valuation placed thereon and remedy and remove such injustice, if any, done any taxpayers of said county.

"The court further finds that in the revaluation and assessment made by the tax listers and assessors there is probable cause to believe that mistakes and errors have been made and committed in ascertaining the value of real estate owned by some of the citizens of Burke County, such errors and mistakes being common and unavoidable in all assessments, but the court is of the opinion that the statutes of this State point out and prescribe the remedy and the method which must be pursued in order to correct or cure such errors and mistakes in assessments, and the court is of the opinion that it should not restrain the collection of the taxes in Burke County by reason of such errors and mistakes in the valuation or assessments in individual cases, and that the plaintiffs herein or any one of said plaintiffs should pursue the remedy pointed out by the statutes and the decisions of the Supreme Court.

"It is, therefore, considered, ordered and adjudged by the court that the restraining order applied for be, and the same is hereby denied, and that this action be, and the same is hereby dismissed, and that the plaintiffs and the sureties on their prosecution bond pay the cost of this action to be taxed by the clerk of the court."

*Avery & Patton, Huffman & Cowan for plaintiff.*
*Avery & Hairfield, S. J. Ervin and S. J. Ervin, Jr., for defendant.*

BROGDEN, J. Chapter 545, Public-Local Laws of 1925, authorizes the board of commissioners of Burke County in their discretion "to cause a revaluation and assessment to be made of all the real estate and personal property in Burke County liable for taxation, in the manner provided in chapter 12, Public Laws 1923, and to levy taxes thereon based upon such revaluation and assessment . . . as now provided by law."

The controversy between the parties arises from the construction of this act of the Legislature. The plaintiffs contend: First, That said act is a revenue act, and therefore under Article II, sec. 14, of the Constitution, the act should have been "read three several times in each House of the General Assembly and passed three several readings, which readings shall have been on three different days, and agreed to by each House respectively, and the yeas and nays on the second and third readings of the bill entered on the journal; second, that the defendants adopted a nonuniform method of making valuations and assessments; third, that no proper notice was given by the board of equalization of its meeting to equalize the assessments made under the act referred to.

Article II, sec. 14, of the Constitution, establishes the method by which revenue bills must be passed by the Legislature. But the question standing at the threshold of this aspect of the case is whether or not the act in question is, as a matter of fact, a revenue bill. "Revenue bills, as defined by law, are those that levy taxes in the strict sense of the word and are not bills for other purposes which may incidentally create revenue." 1 Story Constitution, sec. 880; *Twin City National Bank v. Nebeker,* 167 U. S., 196; 42 L. Ed., 134; *Millard v. Roberts,* 202 U. S., 429; 50 L. Ed., 1090; *Anderson v. Ritterbusch,* 98 Pac., 1002; 26 R. C. L., sec. 55; *Northern Counties Investment Trust v. Sears,* 35 L. R. A. (O. S.).

In the *Anderson case, supra,* the act under consideration was "An act for the discovery of property not listed for taxation, providing for its assessment and collection of taxes thereon." The Court held that this was not a bill for raising revenue, placing its decision upon the principle announced by *Judge Story.* Indeed, an examination of the act discloses that it was obviously designed to authorize the revaluation of property in Burke County, and expressly provided that taxes should be levied "as now provided by law." Therefore, the act was not a revenue bill, but in the nature of a machinery act, and hence did not require compliance with Article II, sec. 14, of the Constitution.

The second contention of the defendant is based upon the idea that there were inequalities in the assessment of property. "It has been said that perfect uniformity and perfect equality of taxation, in all the

aspects in which the human mind can view it, is a baseless dream. With reference to locality, a tax is uniform when it operates with equal force and effect in every place where the subject of it is found, and with reference to classification, it is uniform when it operates without distinction or discrimination upon all persons composing the described class." *R. R. v. Lacy,* 187 N. C., 615; *Edge v. Robertson,* 112 U. S., 580; 28 L. Ed., 798; Cooley on Taxation, ch. 6; *Lacy v. Packing Co.,* 134 N. C., 567; *S. v. Denson,* 189 N. C., 173.

However, the law in its wisdom has created tribunals to equalize values and to correct inequalities, to wit, county boards of equalization and the State Board of Assessment.

The third contention of the plaintiff raises the question as to whether proper notice was given by the board of equalization. It is a sound and just principle of law and one worthy of acceptation that "absence of notice or opportunity to be heard, violates the due process of law provision." *Lumber Co. v. Smith,* 146 N. C., 199; *Markham v. Carver,* 188 N. C., 615. The trial judge found as a fact that the board of commissioners of Burke County met as a board of equalization on the second Monday in July as required by law, and finding that the assessors had not completed the work assigned, deferred consideration of all complaints, and set 22 September, 1925, as the time for hearing complaints of citizens as to the valuation placed upon their property, and that, in addition to verbal notice generally given by said board, the following written notices were given of the time when complaints would be heard, same being published in the *News-Herald,* a newspaper published in Morganton, Burke County, in the weekly publication or issue of 10 September, 1925: "Monday, 21 September, hearing tax complaints. The county commissioners have set aside Monday, 21 September, as the time for hearing tax complaints," and the said newspaper in its issue on 16 September, 1925, contained the following notice: "Tuesday, the 22nd, is the day for tax complaints. Attention is called to the fact that Tuesday, 22 September, is the date set by the county commissioners for hearing tax complaints. By error, it was given in last week's paper as Monday, the 21st."

Chapter 12, Public Laws of 1923, sec. 70, provides for "notice in one newspaper, or by poster put up," etc. The law is that the board of equalization must meet on the second Monday of July and continue until the work of revision is completed; that it must fix a time for hearing of complaints, and that notice of such hearing must be given. *Comrs. v. R. R.,* 86 N. C., 541; *Wolfenden v. Comrs.,* 152 N. C., 84; *Markham v. Carver,* 188 N. C., 615. After the board has completed its work of revision it cannot thereafter increase valuation without special notice to the taxpayers. *Wolfenden v. Comrs.,* 152 N. C., 84; *Markham v. Carver,* 188 N. C., 615.

This record discloses that the board of equalization could not complete its work at the July meeting because the assessors had not completed the work of assessing property in Burke County. It was therefore the duty of the board to adjourn until this preliminary work could be completed. This the board did. It was also the duty of the board to give reasonable notice of the time set for hearing complaints of property owners. The board performed this duty in a substantial manner.

The plaintiffs did not appeal from the assessments made by the board of equalization of Burke County. It is a generally accepted principle of law that in cases of this sort a taxpayer is not allowed to resort to the courts until he has first pursued and exhausted the remedies before the administrative boards established by law for such purposes. Thus in *Mfg. Co. v. Comrs.*, 189 N. C., 103, *Hoke, C. J.*, says: "From a consideration of these and other pertinent provisions of the law, it is clear, in our opinion, that the State Board of Assessment is given supervisory powers to correct improper assessments on the part of the local boards, and that on complaint made in apt time and on notice duly given and on sufficient and proper proof before this State board, plaintiff could have obtained or had full opportunity to obtain the relief he now seeks. This being true, the judgment of his Honor sustaining the demurrer must be upheld, for it is the accepted position that a taxpayer is not allowed to resort to the courts in cases of this character until he has pursued and exhausted the remedies provided before the duly constituted administrative boards having such matters in charge."

We must hold, therefore, that the judgment as rendered be

Affirmed.