EDWIN GILL, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA, v. F. D. SMITH, ALIAS GEORGE SMITH.

(Filed 13 December, 1950.)

**Taxation § 38b—**

> Where the Commissioner of Revenue assesses additional income tax against a taxpayer in accordance with provisions of G.S. 105-160, and has the certificate filed in the county in which the taxpayer has property for the purpose of creating a lien, G.S. 105-242 (3), the taxpayer may not move in such county to vacate and set aside the certificate on the ground of irregularity or invalidity, no execution having been issued thereon nor any effort made to enforce the lien, but the taxpayer is remitted to the statutory remedies given him to contest the assessment or attack its validity. G.S. 105-163, G.S. 105-267.

APPEAL by defendant from *Carr, J.,* May Term, 1950, of GUILFORD. Affirmed.

Motion by defendant to vacate and set aside certificate of tax liability filed by the Commissioner of Revenue and docketed in the Superior Court of Guilford County, on the ground that the certificate was void.

In support of his motion defendant alleged that upon receipt of notice of proposed assessment for additional income tax in the sum of $632,-162.23, he requested a hearing as provided in G.S. 105-160; that no

hearing was had nor was any notice given him before the certificate of tax liability or assessment in the amount stated was filed and docketed on the judgment docket of Guilford County April 4, 1949; that defendant had filed income tax returns and paid the tax for the years covered by the proposed assessment; that the assessment was made without authority and is void, irregular and a nullity; that the filing of the certificate of tax liability has the force and effect of a judgment constituting a lien on his property, enforceable by execution, and that this was accomplished without due process of law and in violation of his rights under the Constitution of North Carolina and the Constitution of the United States.

The present Commissioner of Revenue Eugene Shaw moved that defendant's motion be dismissed for that the statutes provide an adequate remedy for the matters complained of by defendant, and that the Superior Court of Guilford County had no jurisdiction to vacate or set aside the certificate of tax liability.

The court below dismissed the defendant's motion, and defendant appealed.

*Attorney-General McMullan, Assistant Attorneys-General Tucker and Abbott, Hoyle & Hoyle, Special Counsel, and G. C. Hampton, Jr., Special Counsel, for plaintiff, appellee.*

*A. Stacey Gifford and Welch Jordan for defendant, appellant.*

DEVIN, J. The Commissioner of Revenue has not answered the allegations of fact contained in defendant's motion but has taken the position that adequate remedy for the matters complained of is provided by pertinent statutes; and further that the jurisdiction to vacate and set aside a certificate of tax liability or assessment made by the Commissioner of Revenue, in the performance of his duty of enforcing the collection of taxes due the State, and filed by authority of the statute in any county or counties where defendant has property, does not appertain to the Superior Court of Guilford County and that defendant's motion constitutes a collateral attack thereon. He suggests that defendant's motion is in effect an indirect attempt to restrain the collection of taxes which is prohibited by statute.

Section 105-160 of the General Statutes of North Carolina provides that if the Commissioner of Revenue discovers that the income of any taxpayer has not been assessed he may within three years give notice in writing to the taxpayer of such deficiency, and any taxpayer feeling aggrieved by such proposed assessment shall be entitled to a hearing before the Commissioner, if within thirty days he shall apply in writing, explaining his objections thereto. If no request for such hearing is so made, the proposed assessment shall be final and conclusive. If request

for hearing is made, the taxpayer shall be heard and notified of the Commissioner's decision. The limitation of three years to the assessment shall not apply to assessments upon fraudulent returns. Similar provisions are contained in G.S. 105-177 and in Chap. 392, Session Laws 1949, codified as G.S. 105-241.1. By G.S. 105-162 a taxpayer may apply to the Commissioner of Revenue for revision of taxes assessed against him at any time within three years from the date of notice of amount, and the Commissioner shall grant a hearing and determine the matter according to the law and the facts.

By G.S. 105-163, any taxpayer may file exceptions to a finding by the Commissioner with respect to his taxable income either as to matter of fact or law, and the Commissioner shall pass upon the same and notify the taxpayer. The taxpayer within ten days may appeal to the Superior Court of Wake County upon paying the tax assessed and giving bond for costs, or he may within that time appeal to the State Board of Assessment on exceptions to the finding of the Commissioner. Appeal may then be taken by either the taxpayer or the Commissioner to the Superior Court of Wake County. The statute outlines the procedure in the Superior Court with right of appeal to the Supreme Court.

By G.S. 105-267 the taxpayer has the right to pay the tax assessed under protest and sue to recover it.

It does not appear from defendant's affidavit in support of his motion filed 5 April, 1950, that he has availed himself of any of the remedies prescribed by these statutes except that he alleges he notified the Commissioner in writing "requesting a hearing as provided in G.S. 105-160."

The principle is generally upheld by the courts that statutory remedies granted to a taxpayer must first be exhausted before applying to the courts. In *Association v. Strickland,* 200 N.C. 630, 158 S.E. 110, it was said, "The Courts everywhere are in accord with the proposition that if a valid statutory method of determining a disputed question has been established, such remedy so provided is exclusive, and must be first resorted to, and in the manner specified therein." *Allen v. Hunnicutt,* 230 N.C. 49, 52 S.E. 2d 18; *Worley v. Pipes,* 229 N.C. 465 (472), 50 S.E. 2d 504; *Commissioner of Revenue v. Hinsdale,* 207 N.C. 37, 175 S.E. 847. It is still open to the defendant to pursue his remedy under and in accord with the provisions of applicable statutes.

The defendant's motion to set aside the certificate of tax liability which had been transmitted to and docketed by the Clerk of the Superior Court of Guilford County, in accord with the provisions of G.S. 105-242 (3), was not properly cognizable by that court. The statute empowering the Commissioner of Revenue to make an assessment against a delinquent taxpayer authorized him to transmit the certificate to any county in which the taxpayer has property. In accordance with this statute certifi-

cate that the defendant Smith was indebted to the State on account of duly assessed and delinquent taxes in the sum stated was transmitted under the hand and seal of the Commissioner of Revenue to the Clerk of the Superior Court of Guilford County and there docketed. The certificate was regular on its face and could not be regarded as a nullity. The statute G.S. 105-241.1 declares it "shall be deemed correct." Its validity may not be collaterally attacked in Guilford County. No execution had been issued thereon nor effort made to enforce it. The certificate of tax liability is made and issued at the office of the Commissioner of Revenue at the seat of state government in Wake County. The statutes declare Wake County the *situs* of proceedings in relation to questions of review of tax liability. Under the law this certificate of the Commissioner may be transmitted to the county or counties where the taxpayer has property only for the purpose of establishing a lien on his property in that county with power to have execution issued thereon to enforce collection. Proceedings affecting the validity of the certificate and the right of the Commissioner to issue it should be instituted and conducted in accordance with the statutes, and not by motion in the county to which the certificate or transcript of assessment has been transmitted. Defendant's pleading alleges irregularity in the procedure employed by the Commissioner of Revenue, but the Commissioner's power to make the assessment conferred by statute may not be denied.

In *Holden v. Totten,* 225 N.C. 558, 35 S.E. 2d 635, where transcript of a money judgment rendered in Durham County had been docketed in Greene County, it was held that an action to restrain sale of land under execution could be maintained in Greene County. "But," said *Chief Justice Stacy* in writing the opinion for the Court, "the invalidity of the judgment upon which the execution was issued may not be collaterally attacked unless it be void or unenforceable." Proceedings to determine the correctness of the judgment in that case were properly heard in Durham.

There was no error in dismissing defendant's motion.

Affirmed.