HAYWOOD DUKE, DOING BUSINESS AS HOTEL KING COTTON v. STATE OF NORTH CAROLINA EX REL EUGENE G. SHAW, COMMISSIONER OF REVENUE.

(Filed 27 November, 1957)

**1. Taxation § 38—**

A taxpayer must follow procedure prescribed by statute to challenge the validity of a tax or the interpretation of the tax laws by those charged with the responsibility of collecting taxes.

**2. Taxation § 30—**

The Legislature has power to levy sales and use taxes. G.S. 105, Arts. 5 and 8.

3. **Administrative Law § 4—**

Provision for judicial review of an administrative ruling, G.S 143-306, contemplates the review of an administrative order entered in a quasi-judicial hearing in which the parties are permitted an opportunity to offer evidence and a decision is rendered applicable to a specific factual situation, and the statute does not authorize the filing of a petition in the superior court seeking an advisory opinion on the correctness of an administrative interpretation of a statute.

4. **Same: Taxation § 38—**

A taxpayer seeking to challenge his liability for a particular tax has two remedies: he may pay the tax under protest and maintain an action against the State for its recovery, G.S. 105-267; or he may, without payment of the tax assessed by the Commissioner of Revenue, apply to the Tax Review Board for determination of his liability for the tax upon the specific factual situation, and appeal from the decision of the Tax Review Board to the Superior Court by complying with the statutory procedure. G.S. 105-241.3.

5. **Same—**

The administrative procedure under G.S. 143-306 to determine tax liability applies by appeal to the Superior Court from determination of the Tax Review Board upon a particular factual situation and does not lie by petition directly to the Superior Court to have an administrative interpretation promulgated by the Commissioner of Revenue declared to be erroneous, unlawful or improper. G.S. 105-262.

APPEAL by plaintiff from *Preyer, J.,* September 1957 Regular Civil Term of WAKE.

Petitioner filed in the office of the clerk of the Superior Court a paper which he denominates *"Petition for Review."* A copy of his petition was served on the Commissioner of Revenue.

As the basis for judicial action the petition states: The Commissioner of Revenue prepared regulations for the interpretation and enforcement of the sales and use tax articles of the Revenue Act; these regulations, approved by the Tax Review Board, were, on 25 June 1957, filed with the Secretary of State; the regulations interpreted supplies and equipment sold to hotels, motels, and others renting rooms to be sales to a consumer and as such subject to 3% sales tax. The petition lists a variety of items of personal property customarily purchased by the operators of hotels such as beds, bedding, bathroom supplies, chairs, rugs, desks, tables, lamps, chests, bureaus, vanities, soaps, towels, curtains, air conditioners, radios, television sets, and numerous other items of tangible personal property. It avers that petitioner operates a hotel in Greensboro, and he and other operators of hotels, motels, and lodging houses will, if the regulations are not invalidated, have to pay a tax not authorized by law. He prays that the court act under the provisions of Article 33, Ch. 143, of the General Statutes and declare the regulations

as prepared and approved erroneous, unlawful, and improper interpretations of Ch. 1340, S.L. of 1957, which amended the Revenue Act, and adjudge and declare that purchases which may be made by operators of hotels and other places listed in the regulations are not subject to the 3% tax prescribed by said statute.

The Commissioner of Revenue demurred for that (1) the petition did not state a cause of action since it did not allege the payment by or assessment of any taxes against petitioner; (2) the court was without jurisdiction since the State had not consented to be sued in the manner attempted.

The demurrer was sustained and petitioner appealed.

*Ehringhaus & Ellis for petitioner appellant.*
*Attorney General Patton, Assistant Attorneys General Behrends and Abbott, and Kenneth Wooten of Staff for respondent appellee.*

RODMAN, J. The monies to maintain and operate our public school system, nine State colleges, a University, Departments of Health, Public Welfare, mental and correctional institutions, a retirement system for State employees, to pay principal and interest on monies borrowed, as well as the many other general functions of State government are provided by taxes of the kind and character specified in Ch. 105 of the General Statutes as amended by Ch. 1340, S.L. of 1957. Appropriations for these General Fund purposes exceed for the current fiscal year $200,000,000.

Since 1933 the sales tax, supplemented in 1937 by the use tax, has been a vital factor in providing General Fund revenues. The sales-use tax is counted upon to produce approximately one-third of the current year's General Fund revenues. This simple factual statement demonstrates the wisdom of our rule that one who would challenge the validity of a tax or the interpretation of the tax laws by those charged with the responsibility of collecting must follow the method prescribed by the Legislature. *Gill, Comr. of Revenue v. Smith,* 233 N.C. 50, 62 S.E. 2d 544; *Employment Security Com. v. Kermon,* 232 N.C. 342, 60 S.E. 2d 580; *Unemployment Comp. Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4; *Insurance Co. v. Unemployment Comp. Com.,* 217 N.C. 495, 8 S.E. 2d 619; *Caldwell County v. Doughton,* 195 N.C. 62, 141 S.E. 289; *Hart v. Commissioners,* 192 N.C. 161, 134 S.E. 403; *Mfg. Co. v. Comrs.,* 189 N.C. 99, 126 S.E. 114.

The power of the Legislature to levy taxes of the character provided in Articles 5 and 8 of Ch. 105 of the General Statutes has long been settled. *Stedman v. Winston-Salem,* 204 N.C. 203,

167 S.E. 813; *Powell v. Maxwell,* 210 N.C. 211, 186 S.E. 326; *Hinson v. Lott,* 8 Wall 148, 19 L. ed. 387; *Ward v. Maryland,* 12 Wall 418, 20 L. ed. 449.

The prompt collection of taxes legally owing is facilitated by administrative interpretations thoughtfully made and widely publicized. Recognizing this fact, the Legislature of 1955 imposed on the Commissioner of Revenue the duty of initiating such regulations as might be necessary and useful in assessing and collecting revenues. These regulations cannot be promulgated until submitted to and approved by the Tax Review Board. When so approved, the Commissioner is required to publish the regulations. Ch. 1350, S.L. 1955. G.S. 105-262.

Any interested citizen may procure copy of these regulations and apply the administrator's interpretation of the law to the citizen's tax situation. If, under the regulations, tax liability seems likely, he may present the matter to the Commissioner of Revenue for examination and determination. G.S. 105-241.2. If the Commissioner assesses a tax, the party who deems himself aggrieved may, as provided by statute, protect himself against an illegal assessment. An intolerable situation would be presented if the person charged with the duty of collecting could be prohibited from making an assessment, leaving the person charged with liability the privilege of determining when and how the question should be settled.

Two methods are prescribed for the taxpayer's protection. The first requires the taxpayer to pay the amount asserted to be owing under protest; and when so paid, he may then maintain an action against the State to recover. G.S. 105-267. Historically this method has been available to taxpayers for more than half a century. Rev. 1905, Sec. 2855.

The remedy afforded by G.S. 105-267 may at times place an undue burden on the taxpayer. The Legislature of 1955 took recognition of that fact and broadened the provisions by which the taxpayer might have his liability determined.

It found ready at hand an appropriate instrument fashioned by the Legislature of 1953, now incorporated as Article 33 of Ch. 143 of the General Statutes. The 1953 statute permits judicial review of any decision rendered by an administrative agency in a proceeding in which the legal rights of specific parties are determined after an agency hearing. G.S. 143-306.

Manifestly this statute contemplated a quasi-judicial hearing in which the parties were permitted an opportunity to offer evidence and a decision rendered applicable to a specific factual situation. *In re Berman,* 245 N.C. 612, 97 S.E. 2d 232.

It does not authorize the filing of a petition in the Superior Court seeking an advisory opinion on the correctness of an ex-

ecutive interpretation of a statute. *Boswell v. Boswell*, 241 N.C. 515, 85 S.E. 2d 899; *Poore v. Poore*, 201 N.C. 791, 161 S.E. 532; *In re Eubanks*, 202 N.C. 357, 162 S.E. 769; *Person v. Board of State Tax Comrs.*, 184 N.C. 499, 115, S.E. 336; *Goldsmith v. United States Board of Tax Appeals*, 270 U.S. 117, 70 L. ed. 494; 42 Am. Jur. 590.

The 1955 Legislature gave a person charged with tax liability the benefit of this statute. Ch. 1350, S.L. 1955. When the Commissioner has determined a tax liability exists, the person assessed may now, without the payment of the tax so assessed, apply to the Tax Review Board for a determination of his tax liability. G.S. 105-241.2. The procedure for this method of determining tax liability is set out in detail in the statute. The Board, after a review of the factual situation and the application of the statute to that situation, renders its decision. If not satisfied with the decision of the Tax Review Board, an appeal may be taken by complying with statutory procedure and without the payment of the tax. This appeal is to the Superior Court. G.S. 105-241.3. The jurisdiction thus conferred on the Superior Court is not original but appellate.

Having taken advantage of the opportunity for a review by the Tax Review Board, the person assessed may, if he so elects, abandon the process of administrative review and seek relief from the Superior Court under its original jurisdiction. G.S. 105-241.4. Of course, if he asks the Superior Court to exercise its original jurisdiction he must, as a condition precedent thereto, pay his tax under protest and sue to recover as provided by G.S. 105-267.

It is immaterial whether the Superior Court determine the taxpayer's liability in an action originally instituted in that court or as an appellate court. The taxpayer is permitted in either event to review the judgment by appeal to this Court. G.S. 105-241.4.

The judgment sustaining the demurrer is
Affirmed.