47TH STREET PHOTO, INC. v. HELEN A. POWERS, SECRETARY OF REVENUE FOR THE STATE OF NORTH CAROLINA, AND THE NORTH CAROLINA DEPARTMENT OF REVENUE

No. 9010SC2

(Filed 4 December 1990)

**Taxation § 38.3 (NCI3d)— sales tax—declaratory judgment seeking injunction enjoining collection—dismissed**

The trial court properly dismissed a declaratory judgment action seeking an injunction against the collection of sales and use taxes where plaintiff was challenging the constitutionality of the tax statute rather than the amount of tax or the manner of assessment. Our case law plainly indicates that a constitutional defense to a tax does not exempt a plaintiff from the mandatory procedure for challenging the tax set out in N.C.G.S. § 105-267.

**Am Jur 2d, Sales and Use Taxes §§ 167, 242.**

Judge DUNCAN concurred in this opinion prior to 29 November 1990.

APPEAL by plaintiff from Order entered 1 November 1989 by *Judge Samuel T. Currin* in WAKE County Superior Court. Heard in the Court of Appeals 24 August 1990.

*Emanuel and Emanuel, by Robert L. Emanuel, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for defendant appellees.*

*Womble Carlyle Sandridge & Rice, by Donald L. Smith, amicus curiae.*

COZORT, Judge.

Plaintiff is a New York corporation engaged in the sale of electronic products by telephone, facsimile and mail order. Plaintiff filed a declaratory judgment action seeking an injunction enjoining the North Carolina Department of Revenue from requiring the plaintiff to collect and pay Sales and Use Taxes. The trial court dismissed the action, concluding that the trial court did not have

jurisdiction to entertain a suit to prevent collection of the tax. We affirm. A brief procedural history follows.

On approximately 30 May 1989, defendants mailed a "Notice of Delinquent Sales and Use Tax Report" to plaintiff. On 19 September 1989, plaintiff filed a complaint seeking, *inter alia*, a declaratory judgment that subsections (4), (5), and (7) of N.C. Gen. Stat. § 105-164.8(b) violate both the Commerce Clause of Article I, Section 8 and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. In its complaint plaintiff also requested that defendants be enjoined permanently from requiring the plaintiff to collect North Carolina sales tax. On the same day the plaintiff applied for a temporary restraining order and a preliminary injunction. The trial court granted plaintiff a temporary restraining order, which remained effective until the hearing, held 25 September 1989, on plaintiff's request for a preliminary injunction. After the hearing the trial court concluded that N.C. Gen. Stat. § 105-267 bars the relief sought by plaintiff and requires dismissal of its suit.

On appeal the plaintiff contends that the trial court erred in denying plaintiff a preliminary injunction and in dismissing its suit pursuant to § 105-267. Plaintiff asserts that "where the litigant does not challenge the amount of tax due or manner of assessment thereof, but instead, challenges the constitutionality of the tax statute, the court has jurisdiction to grant injunctive or declaratory relief prior to" collection of the tax. We disagree.

N.C. Gen. Stat. § 105-267 provides that:

No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Subchapter. *Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax* to the proper officer, *and such payment shall be without prejudice to any defense of rights he may have in the premises.* At any time within 30 days after payment, the taxpayer may demand a refund of the tax paid in writing from the Secretary of Revenue and if the same shall not be refunded within 90 days thereafter, may sue the Secretary of Revenue in the courts of the State for the amount so demanded. Such suit may be brought in the Superior Court of Wake County, or in the county in which the taxpayer resides at

any time within three years after the expiration of the 90-day period allowed for making the refund. *If upon the trial it shall be determined that such a tax* or any part thereof was levied or assessed for an illegal or unauthorized purpose, or *was for any reason invalid* or excessive, *judgment shall be rendered therefor, with interest,* and the same shall be collected as in other cases. The amount of taxes for which judgment shall be rendered in such action shall be refunded by the State; provided, nothing in this section shall be construed to conflict with or supersede the provisions of G.S. 105-241.2. [Emphasis added.]

In *Kirkpatrick v. Currie, Comr. of Revenue,* 250 N.C. 213, 108 S.E.2d 209 (1959), the plaintiff sought to recover taxes paid under protest approximately two years before suit was brought. The court held that § 105-267,

permitting payment to be made under protest with a right to bring an action to recover the monies so paid[,] is constitutional and accords the taxpayer due process.

\* \* \* \*

The taxpayer . . . was accorded the right provided by G.S. 105-267 to pay under protest and sue to recover if his demand for refund was not complied with.

[In 1957 the Legislature] amended G. S. 105-267. Significantly, it did not change the requirement that demand for refund be made in thirty days if the taxpayer intended forthwith to seek judicial review rather than a hearing by the Commissioner as permitted by G.S. 105-266.1.

*Kirkpatrick,* 250 N.C. at 215-16, 108 S.E.2d at 210-11 (citations omitted).

In *Oil Corp. v. Clayton, Comr. of Revenue,* 267 N.C. 15, 147 S.E.2d 522 (1966), the plaintiff sought to recover taxes which it contended had been unconstitutionally assessed upon income not attributable to North Carolina. Plaintiff paid the disputed taxes under protest and brought suit under § 105-267 in superior court; defendant appealed. Our Supreme Court held:

The statute under which [plaintiff] proceeds, G.S. 105-267, requires the taxpayer to pay the amount of the disputed tax and sue the State for its recovery. Such a method, has, in

effect, been available to taxpayers since 1887 (Pub. L. 1887, ch. 137 § 84). It is appropriate procedure for a taxpayer who seeks to test the constitutionality of a statute or its application to him.

*Oil Corp.,* 267 N.C. at 20, 147 S.E.2d at 526.

In *Enterprises, Inc. v. Department of Motor Vehicles,* 290 N.C. 450, 226 S.E.2d 336 (1976), the Supreme Court upheld a motor vehicle tax collection statute (N.C. Gen. Stat. § 20-91.1), the provisions of which parallel § 105-267. The Court noted that, in determining the constitutionality of § 20-91.1, it was "guided by our Court's decisions relating to the similar statute, G.S. 105-267." *Enterprises,* 290 N.C. at 455, 226 S.E.2d at 339. Finally, in *Coca-Cola Co. v. Coble,* 293 N.C. 565, 568, 238 S.E.2d 780, 783 (1977), the court held that, where a tax is challenged as unlawful rather than excessive or incorrect, the appropriate remedy is to bring suit under § 105-267.

Thus, our case law plainly indicates that, contrary to plaintiff's contention, a constitutional defense to a tax does not exempt a plaintiff from the mandatory procedure for challenging the tax set out in § 105-267. Plaintiff's argument that the tax levied on it pursuant to § 105-164.8 is unconstitutional may have merit. Nevertheless, to seek relief plaintiff must proceed according to the requirements of § 105-267. At the same time, plaintiff may raise the issue of whether § 105-267 (a "postdeprivation procedure") provides a sufficiently "clear and certain remedy" to satisfy federal due process principles. *McKesson Corp. v. Dept. of Business Regulation of Florida,* --- U.S. ---, ---, 110 L.Ed.2d 17, 45, 110 S.Ct. 2238, 2258 (1990).

The trial court's Order of 1 November 1989 is

Affirmed.

Judges ORR and DUNCAN concur.   .

Judge DUNCAN concurred in this opinion prior to 29 November 1990.