JAMES LESLIE JAVUREK, Petitioner v. TAX REVIEW BOARD DEPARTMENT OF STATE TREASURER, NORTH CAROLINA, Respondent

No. COA03-1016

(Filed 17 August 2004)

**Taxation— challenge to income tax assessment—failure to pay tax or file bond—no subject matter jurisdiction**

The trial court properly concluded that it lacked subject matter jurisdiction over a challenge to an income tax assessment where plaintiff did not first pay the tax or file a bond, as required by statute. N.C.G.S. § 105-241.3.

Appeal by petitioner from order entered 30 January 2003 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 April 2004.

*James Leslie Javurek, pro se, petitioner-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for respondent-appellee.*

GEER, Judge.

Petitioner James Leslie Javurek appeals from the trial court's order denying his motion for summary judgment and dismissing his action against respondent Tax Review Board. Because Javurek failed to comply with the statutory requirements for a challenge of a tax assessment, we hold that the trial court properly concluded it lacked subject matter jurisdiction and affirm.

### Factual Background

In April 2001, Javurek and his wife filed North Carolina tax returns for 1998 and 1999 showing tax owed in the amount of $82.00 for 1998 and $1,216.00 for 1999. They did not, however, pay the tax due. In June 2001, Javurek received Notices of Individual Income Tax Assessment stating that he owed $125.41 in tax, penalty, and interest for tax year 1998 and $1,762.25 in tax, penalty, and interest for tax year 1999. By letter dated 26 June 2001, Javurek requested a hearing before the Secretary of Revenue regarding the assessments, pursuant to N.C. Gen. Stat. § 105-241.1. At the 24 September 2001 hearing, Javurek argued that he was not a taxpayer and that his wages were not subject to tax. The Department of Revenue issued a Final Decision on 10 December 2001, concluding that the assessments were "final and collectible."

Pursuant to N.C. Gen. Stat. § 105-241.2, Javurek filed a petition for administrative review with the Tax Review Board ("the Board") on 8 March 2002. On 12 August 2002, having received no decision from the Board on his petition for review, Javurek filed this action, captioned "Request for Judicial Review, Writ of Prohibition and Order of Judgment." Javurek sought an order divesting the Board of jurisdiction and prohibiting any further action by the Secretary of Revenue regarding the assessments. The Board filed a response in the civil action on 23 September 2002, seeking dismissal of the action.

On 15 October 2002, in the administrative proceeding, the Board issued its decision, concluding that the petition for administrative review was frivolous and filed for the purpose of delay. The Board, therefore, dismissed the petition pursuant to N.C. Gen. Stat. § 105-241.2(c).

Javurek filed a motion for summary judgment in the civil action on 11 October 2002. On 30 January 2003, the Superior Court held a hearing on Javurek's motion for summary judgment, but concluded that it lacked jurisdiction under N.C. Gen. Stat. §§ 105-241.3 and 105-267. On the same day, the court entered a written order denying the motion for summary judgment and dismissing the action. Petitioner filed notice of appeal from that order on 25 February 2003.

## Discussion

Javurek's primary contention on appeal is that the trial court erred in dismissing his action for lack of subject matter jurisdiction because he complied with the required statutory procedures.[1] Our General Assembly has prescribed two specific methods by which a taxpayer may appeal from an administrative assessment of taxes: N.C. Gen. Stat. § 105-241.1 *et seq.* (2003) and N.C. Gen. Stat. § 105-267 (2003). *See Duke v. State*, 247 N.C. 236, 239, 100 S.E.2d 506, 508 (1957) (describing the procedures set out in N.C. Gen. Stat. § 105-267 and 105-241.1 *et seq.*). Because Javurek did not comply with either statutory procedure, the superior court lacked subject matter jurisdiction over his civil action.

"The principle is generally upheld by the courts that statutory remedies granted to a taxpayer must first be exhausted before applying to the courts." *Gill v. Smith*, 233 N.C. 50, 52, 62 S.E.2d 544, 545 (1950). *See also Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979) (internal citations omitted) ("[W]here the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts. This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions or agencies particularly qualified for the purpose.").

---

1. Javurek also argues that the trial court erred in allowing the Board to raise the issue of subject matter jurisdiction for the first time at the summary judgment stage. Because the question of subject matter jurisdiction may be raised at any time, *Vance Constr. Co. v. Duane White Land Corp.*, 127 N.C. App. 493, 494, 490 S.E.2d 588, 589 (1997), this argument is without merit.

Javurek contends that he complied with the requirements set out in N.C. Gen. Stat. § 105-241.1 *et seq.* N.C. Gen. Stat. § 105-241.1 provides for assessment of tax due by the Department of Revenue and establishes hearing procedures for taxpayers who contest the assessments. N.C. Gen. Stat. § 105-241.2 provides for administrative review of the Secretary of Revenue's assessment:

(a) Petition for Administrative Review.—Without having to pay the tax or additional tax assessed by the Secretary under this Chapter, any taxpayer may obtain from the Tax Review Board an administrative review with respect to the taxpayer's liability for the tax or additional tax assessed by the Secretary. Such a review may be obtained only if the taxpayer has obtained a hearing before the Secretary and the Secretary has rendered a final decision with respect to the taxpayer's liability. . . .

. . . .

(c) Frivolous Petitions.—Upon receipt of a petition requesting administrative review as provided in the preceding subsection, the Tax Review Board shall examine the petition and the records and other data transmitted by the Secretary pertaining to the matter for which review is sought, and if it appears from the records and data that the petition is frivolous or filed for the purpose of delay, the Tax Review Board shall dismiss the petition for review.

N.C. Gen. Stat. § 105-241.2.

Here, Javurek complied with the procedures for contesting his assessment and for obtaining review by the Board as set out in N.C. Gen. Stat. §§ 105-241.1 and 105-241.2. The Board, however, determined that his petition for administrative review was frivolous and dismissed it pursuant to N.C. Gen. Stat. § 105-241.2(c).

The statutory appeal procedure from a decision by the Board is set out in N.C. Gen. Stat. § 105-241.3, incorrectly captioned "Appeal without payment of tax from Tax Review Board decision[,]" which provides:

(a) Any taxpayer aggrieved by the decision of the Tax Review Board may, *upon payment of the tax, penalties and interest asserted to be due or upon filing with the Secretary a bond* in such form as the Secretary may prescribe in the amount of said taxes, penalties and interest conditioned on payment of any lia-

bility found to be due on an appeal, appeal said decision to the superior court under the provisions of Article 4 of Chapter 150B of the General Statutes . . . .

(b) When an appeal is taken under this section from the Tax Review Board's dismissal of a petition for administrative review under the provisions of G.S. 105-241.2(c), the question of appeal shall be limited to a determination of whether the Tax Review Board erred in its dismissal, and in the event that the court finds error, the case shall be remanded to the Tax Review Board to be heard.

N.C. Gen. Stat. § 105-241.3 (emphasis added). Thus, under the statute, a taxpayer may appeal from the Board's decision to superior court only after paying the amount due or filing a bond. There is nothing in this record to indicate that Javurek paid the tax or filed a bond, as required by the statute. Javurek, apparently relying on the incorrect caption, argues that he complied with this procedure. However, "[t]he law is clear that captions of a statute cannot control when the text is clear." *In re Appeal of Forsyth County*, 285 N.C. 64, 71, 203 S.E.2d 51, 55 (1974). Under the plain language of the statute, Javurek failed to comply with the statutory prerequisites for the superior court to have jurisdiction to engage in a review of the Board's decision.[2]

Javurek was free to abandon his administrative proceeding in favor of a civil action challenging the tax assessments. Our General Statutes provide:

Any taxpayer who has obtained an administrative review by the Tax Review Board as provided by G.S. 105-241.2 and who is aggrieved by the decision of the Board may, in lieu of appealing pursuant to the provisions of G.S. 105-241.3, within 30 days after notification of the Board's decision with respect to liability *pay the tax and bring a civil action for its recovery* as provided in G.S. 105-267.

N.C. Gen. Stat. § 105-241.4 (emphasis added). As our Supreme Court has explained:

Having taken advantage of the opportunity for a review by the Tax Review Board, the person assessed may, if he so elects, abandon the process of administrative review and seek relief from the

---

2. It is also questionable whether this action could be construed to be an appeal from the Board's dismissal of his petition for review since Javurek filed this action over two months before the Board's decision was rendered.

Superior Court under its original jurisdiction. G.S. 105-241.4. Of course, if he asks the Superior Court to exercise its original jurisdiction he must, as a condition precedent thereto, pay his tax under protest and sue to recover as provided by G.S. 105-267.

*Duke*, 247 N.C. at 240, 100 S.E.2d at 508-09.

N.C. Gen. Stat. § 105-267 in turn provides, in relevant part:

> No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Subchapter ["Levy of Taxes"]. Whenever a person has a valid defense to the enforcement of the collection of a tax, the person shall pay the tax to the proper officer, and that payment shall be without prejudice to any defense of rights the person may have regarding the tax. At any time within the applicable protest period, the taxpayer may demand a refund of the tax paid in writing from the Secretary and if the tax is not refunded within 90 days thereafter, may sue the Secretary in the courts of the State for the amount demanded.

Our Supreme Court "has held that G.S. 105-267 . . . establish[es] the general rule that there shall be no injunctive or declaratory relief to prevent the collection of a tax, *i.e.*, the taxpayer must pay the tax and bring suit for a refund." *Cedar Creek Enters., Inc. v. State of N.C. Dep't of Motor Vehicles*, 290 N.C. 450, 455, 226 S.E.2d 336, 339 (1976). In this case, Javurek failed to comply with the procedure set out in N.C. Gen. Stat. § 105-267, under which he was required to first pay the tax and then sue the state for a refund.

This is true even though Javurek has asserted violations of the constitution. This Court has explained that the procedure outlined in N.C. Gen. Stat. § 105-267 must be followed even where, as here, the taxpayer is challenging the constitutionality of a tax:

> Plaintiffs' due process claim rests on their contention that the only avenue for contesting a jeopardy tax assessment is under G.S. 105-267, which prevents a court from taking jurisdiction over a contested tax assessment suit unless the aggrieved taxpayer first pays the tax and then seeks a refund from the North Carolina Department of Revenue.
>
> . . . .
>
> . . . Even in cases where the taxpayer is challenging the constitutionality of a tax, failure to comply with the "State's statutory

postpayment refund demand procedure" set forth in the statute bars the court from hearing the taxpayer's claim.

*Salas v. McGee,* 125 N.C. App. 255, 257-58, 480 S.E.2d 714, 716, *disc. review denied,* 345 N.C. 755, 485 S.E.2d 298 (1997). *See also Gulf Oil Corp. v. Clayton,* 267 N.C. 15, 20, 147 S.E.2d 522, 526 (1966) (N.C. Gen. Stat. § 105-267, which "requires the taxpayer to pay the amount of the disputed tax and sue the State for its recovery . . . is [the] appropriate procedure for a taxpayer who seeks to test the constitutionality of a statute or its application to him."); *47th Street Photo, Inc. v. Powers,* 100 N.C. App. 746, 749, 398 S.E.2d 52, 54 (1990) ("a constitutional defense to a tax does not exempt a plaintiff from the mandatory procedure for challenging the tax set out in § 105-267"), *disc. review denied,* 329 N.C. 268, 407 S.E.2d 835 (1991).

When construed liberally, in accordance with his *pro se* status, Javurek's petition could be viewed as a request for an order requiring the Board to act on his petition. His "Request for Judicial Review, Writ of Prohibition and Order of Judgment" was brought under a provision of the Administrative Procedure Act ("APA"), which provides in part: "Unreasonable delay on the part of any agency . . . in taking any required action shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency . . . ." N.C. Gen. Stat. § 150B-44 (2003). When, however, the Board issued its decision on his administrative petition on 15 October 2002, the action became moot. *See In re Hatley,* 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977) (appeal is moot "[w]hen events occur during the pendency of [the] appeal which cause the underlying controversy to cease to exist[.]").

Moreover, Javurek did not merely seek an order compelling action by the Board on his petition for review. Instead, he sought an order divesting the Board of jurisdiction and prohibiting any further action by the Secretary of Revenue regarding the assessments. Such an action is expressly forbidden by N.C. Gen. Stat. § 105-267 ("No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Subchapter ["Levy of Taxes"]."). Our Supreme Court has held that "[s]ection 105-267 . . . bars courts absolutely from entertaining suits of any kind brought for the purpose of preventing the collection of any tax imposed in Subchapter I ["Levy of Taxes"]. *Bailey v. State,* 330 N.C. 227, 242, 412 S.E.2d 295, 304 (1991), *cert. denied,* 504 U.S. 911, 118 L. Ed. 2d 547, 112 S. Ct. 1942 (1992), *overruled on other grounds by Bailey v. State,* 348 N.C. 130, 500 S.E.2d 54 (1998).

IN RE A.P. & S.P.

[165 N.C. App. 841 (2004)]

Finally, Javurek also appears to argue that the statutory procedures set out in N.C. Gen. Stat. § 105-241.1 *et seq.* and N.C. Gen. Stat. § 105-267 are unconstitutional because they do not provide for a hearing before the taxpayer must pay the tax. The Supreme Court has already rejected this contention: "This statute [N.C. Gen. Stat. § 105-267] permitting payment to be made under protest with a right to bring an action to recover the monies so paid is constitutional and accords the taxpayer due process." *Kirkpatrick v. Currie*, 250 N.C. 213, 215, 108 S.E.2d 209, 210 (1959). The Supreme Court's reasoning compels the conclusion that the procedures set out in N.C. Gen. Stat. § 105-241.1 *et seq.*, which also require payment of the tax before filing suit, likewise do not offend due process.

In conclusion, because Javurek did not comply with the procedures prescribed by N.C. Gen. Stat. § 105-241.3, § 105-241.4, or § 105-267, the superior court lacked subject matter jurisdiction over the civil action. Therefore, we affirm the trial court's order denying Javurek's motion for summary judgment and dismissing the action. Our disposition of this case renders unnecessary any consideration of Javurek's remaining assignments of error.

Affirmed.

Judges BRYANT and ELMORE concur.