**RICHARDS v. N.C. TAX REVIEW BD.**

[183 N.C. App. 485 (2007)]

WILLIAM ALEXANDER RICHARDS, JR., Petitioner v. NORTH CAROLINA TAX REVIEW BOARD, and E. NORRIS TOLSON, SECRETARY OF REVENUE, NORTH CAROLINA DEPARTMENT OF REVENUE, Respondents

No. COA06-1364

(Filed 5 June 2007)

**Taxation— excise tax—unauthorized substance—jurisdiction of superior court—payment of tax**

The subject matter jurisdictional requirement of N.C.G.S. § 105-241.3 that a taxpayer pay a contested tax assessment in order to appeal a decision of the Tax Review Board to the superior court did not violate the due process rights of a taxpayer who did not have the ability to prepay an unauthorized substance (marijuana) excise tax.

Appeal by petitioner from order entered 8 June 2006 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 26 April 2007.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., and Robert J. Lopez, for petitioner appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for respondent appellees.*

McCULLOUGH, Judge.

Petitioner appeals from a trial court order granting respondents' motion to dismiss. We affirm.

FACTS

William Alexander Richards, Jr. ("petitioner") was convicted by a jury of trafficking marijuana by manufacture, possession and transportation. Based on petitioner's possession of 64,864 grams of marijuana, the Department of Revenue gave petitioner notice that he owed unauthorized substance excise tax and penalty in the amount of $317,833.60, plus interest.

Petitioner objected to the assessment and requested a hearing before the Secretary of Revenue. A hearing was conducted by the Assistant Secretary of Revenue who issued a final decision upholding the assessment. Petitioner filed a petition seeking administrative

review of the final decision of the Assistant Secretary of Revenue. The Tax Review Board held a hearing and issued a decision affirming the final decision of the Assistant Secretary. Then, petitioner filed for judicial review and an alternative complaint for declaratory judgment in the Superior Court of Buncombe County. The North Carolina Tax Review Board and E. Norris Tolson, Secretary of Revenue for the North Carolina Department of Revenue ("respondents") filed a motion to dismiss on the ground, *inter alia,* that the superior court lacked subject matter jurisdiction. The trial court granted respondents' motion to dismiss for lack of subject matter jurisdiction. Petitioner appeals.

I.

Petitioner contends the trial court erred in granting respondents' motion to dismiss. We disagree.

Our General Assembly has prescribed two avenues by which a taxpayer may appeal from an administrative assessment of taxes: N.C. Gen. Stat. § 105-267 (2005) and N.C. Gen. Stat. § 105-241.1 to -241.4 (2005). *See Javurek v. Tax Review Bd.,* 165 N.C. App. 834, 836, 605 S.E.2d 1, 2 (2004), *appeal dismissed,* 359 N.C. 411, 612 S.E.2d 321 (2005). Pursuant to N.C. Gen. Stat. § 105-267, a taxpayer may sue the Secretary of Revenue for a refund of a contested tax, but such a suit may be filed only after the taxpayer has first paid the tax in full. *Id.* Pursuant to N.C. Gen. Stat. § 105-241.1 to -241.2 (2005), a taxpayer may contest an assessment before the Secretary of Revenue and an administrative review before the Tax Review Board. *Id.* Neither the hearing before the Secretary of Revenue, nor the administrative review before the Tax Review Board requires the taxpayer to pay the assessment in advance. N.C. Gen. Stat. §§ 105-241.1(d) and -241.2(a). However, a taxpayer aggrieved by the decision of the Tax Review Board must pay, among other things, the tax in order to appeal the decision to the superior court. N.C. Gen. Stat. § 105-241.3 (2005).

Here, petitioner opted to utilize N.C. Gen. Stat. §§ 105-241.1 to -241.4 to contest the tax assessment at issue. Petitioner argues that, while "North Carolina's pre-payment jurisdiction requirements are arguably constitutionally permissible as to those taxpayer individuals who have the ability to pre-pay the taxes at issue, . . . [the pre-payment] requirements are clearly not constitutionally permissible as to those taxpayer individuals who do not have the ability to pre-

pay the taxes at issue." Petitioner "contends the pre-payment require-ments . . . should be struck down [as violative of federal and state due process requirements] in those cases whe[re] the taxpayer does not have the ability to pay the taxes at issue."

"Our Court has a duty to examine a statute and determine its constitutionality when the issue is properly presented, rather than to assume the role of policy maker, which has been entrusted by our Constitution to the legislature." *State v. Whiteley*, 172 N.C. App. 772, 778, 616 S.E.2d 576, 580 (2005). "In reviewing the constitu-tionality of statutes, '[w]e presume that the statutes are constitu-tional, and resolve all doubts in favor of their constitutionality.' " *Id.* (citation omitted).

This powerful presumption of constitutionality is sufficient, in our opinion, to withstand the accusation that this statute is unconsti-tutional as to taxpayers who cannot afford to pay their taxes. In a similar case, the issue presented by the plaintiff was "whether G.S. 105-267, when applied to the controlled substance tax procedure, . . . [was] constitutional." *Salas v. McGee*, 125 N.C. App. 255, 257, 480 S.E.2d 714, 716, *disc. review denied*, 345 N.C. 755, 485 S.E.2d 298 (1997). As already stated, N.C. Gen. Stat. § 105-267 requires the tax-payer to pay the tax prior to demanding a refund in superior court. In *Salas*, the "plaintiffs did not pay, and stated they could not pay, the assessed tax and therefore they were unable to avail themselves of the procedures mandated in G.S. 105-267." *Id.* at 258, 480 S.E.2d at 716. We noted that " '[w]e are convinced this procedure comports with due process under the United States Supreme Court's jurispru-dence on the subject as it relates to taxation. That Court has long held that postdeprivation remedies in the area of taxation can comport with due process.' " *Id.* (citation omitted).

In addition, although not precedent, an unpublished opinion by our Court addressed the issue asserted by petitioner. *See Skwerer v. N.C. Dep't of Revenue*, No. COA04-674, 2005 WL 589835 (N.C. Ct. App. March 15, 2005). In the opinion, a plaintiff contended that "section 105-241.3 is unconstitutional because it requires a taxpayer to pay the disputed tax prior to having judicial review over the taxpayer's obli-gation to pay the tax." *Id.* at *1. The plaintiff argued that since he "cannot pay the tax assessed against him, . . . section 105-241.3 un-constitutionally restricts his access to the courts and deprives him of due process." *Id.* However, citing several cases including *Salas*, we stated that "payment of a tax prior to a court having subject matter

RICHARDS v. N.C. TAX REVIEW BD.

[183 N.C. App. 485 (2007)]

jurisdiction to hear the matter has been determined to be constitutional." *Id.* In addition, we saw "no reason not to apply the jurisprudence of section 105-267, holding that prepayment of the tax is constitutional, to that of N.C. Gen. Stat. § 105-241.3, which also requires prepayment." *Id.*

Accordingly, we disagree with petitioner. We hold that the prepayment requirement of N.C. Gen. Stat. § 105-241.3 is constitutional.

Affirmed.

Judges BRYANT and STROUD concur..