IN THE MATTER OF: THE PETITION OF CENTRAL TELEPHONE COMPANY CONCERNING THE ALLOCATION FORMULA FOR CORPORATE INCOME TAX PURPOSES FOR THE YEAR ENDED DECEMBER 31, 1991 .

No. COA03-1313

(Filed 16 November 2004)

**1. Taxation— Augmented Tax Review Board—no administrative appeal—de novo action in superior court**

There is no administrative appeal process from decisions made by the Augmented Tax Review Board (ATRB). As directed by statute, the corporate tax must be paid and recovery sued for in superior court, with such challenges being heard de novo in superior court pursuant to that court's original jurisdiction. N.C.G.S. §§ 105-130.4(t)(6), 105-241.4, 105-267.

IN RE PETITION OF CENT. TEL. CO.

[167 N.C. App. 14 (2004)]

## 2. Taxation— no appeal from Augmented Tax Review Board— de novo action in superior court—constitutional

A corporate taxpayer challenging the apportionment formula for taxable income from the sale of businesses was afforded a fair appeal from the Augmented Tax Review Board by way of a de novo action in superior court. Petitioner's constitutional challenges would have merit only if it was left completely without redress.

## 3. Taxation— review of Augmented Tax Review Board denied—day in court—civil action for refund

Petitioner was not denied its day in court to contest a tax liability where the trial court dismissed for lack of subject matter jurisdiction its appeal from the ruling of the Augmented Tax Review Board. There is no right to judicial review of a decision by the ATRB, but petitioner's day in court is available through bringing a civil action for refund of the paid tax.

Appeal by petitioner Central Telephone Company from order entered 26 June 2003 by Judge A. Leon Stanback in Wake County Superior Court. Heard in the Court of Appeals 16 June 2004.

*Morrison & Foerster, L.L.P., by Paul H. Frankel and Craig B. Fields, (both admitted pro hac vice); and Alston & Bird, L.L.P., by Jasper L. Cummings, Jr., for Central Telephone Company petitioner appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Kay Linn Miller Hobart, for defendant appellee.*

McCULLOUGH, Judge.

Central Telephone Company ("petitioner") appeals from an order by the superior court dismissing, based on lack of subject matter jurisdiction, its petition for judicial review from a decision of the Augmented Tax Review Board ("ATRB"). *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2003) of the North Carolina Rules of Civil Procedure. The petitioner's appeal arises from the following undisputed facts: During the tax year ending 31 December 1991, petitioner sold two of its extraterritorial telephone companies, one located in Iowa and one in Minnesota. By following the normal apportionment formula (the "apportionment formula") for corporate North Carolina telephone operators, petitioner believed the sale of these two extraterritorial

telephone companies was improperly attributed as income for its business activities in North Carolina for the 1991 tax year. *See* N.C. Gen. Stat. § 105-130.4(n) (2003).[1] Specifically, petitioner contended:

> Under § 105-130.4(n), income of a telephone company is apportioned on the *basis of gross operating revenue.* Using the 12-31-91 Income Statement, the percentage of total income apportionable to North Carolina is 31.52%. Under normal apportionment calculation, this would result in an amount of income attributable to North Carolina of $59,602,186. North Carolina net income as reflected on the 12-31-91 income statement is $22,304,876. By following the normal apportionment formula, over two and one half times the recognized income would be attributable to business within North Carolina. The increase is directly due to the income from the sale of the Iowa and Minnesota divisions.

(Emphasis added.)

On 13 April 1992, petitioner filed a petition with the ATRB pursuant to N.C. Gen. Stat. § 105-130.4(t)(1), seeking relief from the statutory formula. The ATRB acknowledged the petition on 15 April 1992, and granted a hearing date for sometime "in the near future." Having been granted an extension for filing, petitioner filed its taxes in conformance with the apportionment formula on 16 September 1992. Petitioner made a tax payment to the Department of Revenue in the amount of $4,646,872.00.

The record shows that a hearing before the ATRB was to be set for some time between 28 December 1993 and June of 1994. Counsel for petitioner changed during this time period. The hearing date was scheduled for 9 November 1994. Centel Corporation, the parent corporation of petitioner, was then acquired by Sprint Corporation ("Sprint"), and counsel for Sprint requested the ATRB hearing be continued until "at least" January 1995. The request was granted, and on 18 April 1995, petitioner was given notice of a 9 May 1995 hearing date. After a hearing was held on this date, the ATRB rendered Administrative Decision Number 444 dated 16 June 1995, denying the

---

1. Apportionment formulas are designed to meet both of the following: the due process requirement that a state show a sufficient nexus between the corporate tax and the transaction within a state for which the tax is an exaction; and the proscriptions of the Commerce Clause of the Federal Constitution which permit a state to tax only that part of a corporation's net income from multistate operations which is attributable to earnings within the taxing state. *Oil Corp. v. Clayton, Comr. of Revenue,* 267 N.C. 15, 20, 147 S.E.2d 522, 526 (1966).

IN RE PETITION OF CENT. TEL. CO.

[167 N.C. App. 14 (2004)]

use of a separate accounting method or a bifurcated apportionment formula for computing petitioner's North Carolina taxable income for the tax year of 1991. The ATRB concluded petitioner failed to overcome the presumption, as set forth in N.C. Gen. Stat. § 105-130.4(t)(4) (2003), that the statutory apportionment formula reasonably attributes to North Carolina that portion of the corporation's income earned in this State.

On 17 July 1995, petitioner filed a petition for judicial review of the ATRB decision. Petitioner based the Wake County Superior Court's jurisdiction on N.C. Gen. Stat. § 105-130.4(t)(6), N.C. Gen. Stat. § 150B-43, *et seq.* (2003), and "other applicable law." The State filed a motion to dismiss this petition pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), stating the court lacked subject matter jurisdiction for such review.

As set out in the findings of fact for the Final Decision of the Secretary of Revenue denying petitioner's corporate refund which petitioner sought using alternative apportionment calculations (which the ATRB had already denied the use of), the record shows the following: On 17 July 1995, petitioner filed an amended North Carolina Corporate Income Tax Return for the tax year of 1991 using the alternative bifurcated apportionment formula presented to and rejected by the ATRB. In this, petitioner sought a refund of $4,148,422 pursuant to N.C. Gen. Stat. § 105-266.1. By letter dated 17 July 1995, petitioner sought a refund of this amount pursuant to N.C. Gen. Stat. § 105-267 (2003). By letter dated 6 July 1996, the Department of Revenue denied petitioner's request for refund pursuant to N.C. Gen. Stat. § 105-267 as untimely. However, on 21 July 2000, petitioner was allowed an administrative tax hearing under N.C. Gen. Stat. § 105-266.1 which was then held on 16 August 2000 before the Secretary of Revenue. The Secretary's Final Decision pursuant to the administrative hearing, dated 29 December 2000, denied petitioner any refund on taxes paid for the year of 1991.

Concerning its request for judicial review of the ATRB decision, at issue in this case, petitioner filed a motion for a continuance on 31 January 2001. The motion was based on the following:

> To the extent that the Tax Review Board reverses the Final Decision dated December 29, 2000 and excludes the gain from the Iowa and Minnesota Divisions from Petitioner's North Carolina apportionable tax base on any ground, this proceeding would be mooted in its entirety. If, however, the Tax Review Board declines

to reverse the Final Decision, Petitioner would *seek judicial review of that decision pursuant to N.C. Gen. Stat. § 150B-43.*

In an effort to preserve the resources of the Court and the litigants and to simplify and streamline the issues for judicial review pursuant to N.C. Gen. Stat. § 150B-43, Petitioner therefore respectfully requests a continuance of this matter from the February 12, 2001 trial calender pending resolution by the Tax Review Board of the Request for Refund pursuant to N.C. Gen. Stat. § 266.1.

This motion was granted in an order filed 7 February 2001, and the future date was not rescheduled until notice was given for the Tax Review Board's ruling on the refund request pursuant to N.C. Gen. Stat. § 105-266.1. The record does not reflect the Tax Review Board's disposition in that matter. Finally, in an order filed 26 June 2003, the State's motion to dismiss the petition for judicial review of the ATRB decision was granted.

Petitioner now raises three issues in its appeal from the trial court's dismissal. First, petitioner alleges that North Carolina General Statutes and accompanying regulations authorize an appeal to superior court from a decision of the ATRB. Second, petitioner alleges that if there is not statutory authority for judicial review of a decision by the ATRB, then petitioner's rights to an ensured system of checks and balances under the North Carolina Constitution's, and the United States Constitution's guarantees of due process, equal protection, and rights under the commerce clause have been violated. Lastly, petitioner contends affirming the trial court's dismissal will deny petitioner its day in court because the parallel case seeking refund pursuant to an alternative statutory route has also been dismissed. We now address these issues in turn.

### Judicial Review of an ATRB Decision

[1] Petitioner contends there is statutory authority conferring jurisdiction for judicial review of a decision from the ATRB under the following: N.C. Gen. Stat. § 105-130.4(t)(6), N.C. Gen. Stat. § 105-241.4 (2003) as directed by N.C. Admin. Code tit. 20, r. 4.0310 (June 2004), and N.C. Gen. Stat. § 150B-43 of the Administrative Procedure Act ("APA"). We do not agree that any of these statutes provide for judicial review of a decision from the ATRB.

Before addressing the merits of the issue presented, it is helpful to understand the difference between the regular Tax Review Board

IN RE PETITION OF CENT. TEL. CO.

[167 N.C. App. 14 (2004)]

and the ATRB. The composition of the "Tax Review Board" is set out in N.C. Gen. Stat. § 105-269.2 (2003):

> The Tax Review Board shall be composed of the following members: (i) the State Treasurer, ex officio, who shall be chairman of the board; (ii) the chairman of the Utilities Commission, ex officio; (iii) a member appointed by the Governor; and (iv) the Secretary of Revenue, ex officio, who shall be a member *only for the purposes stated in G.S. 105-122 and 105-130.4.* The member whom the Governor shall appoint shall serve for a term of four years and until his successor is appointed and qualified. The first such appointment shall be made for a term beginning on July 1, 1975.

(Emphasis added.) This composition is more clearly laid out in N.C. Admin. Code tit. 20, r. 4.0103 (June 2004):

> The title "Tax Review Board" actually refers to two boards, the regular Tax Review Board and the augmented Tax Review Board. The regular Tax Review Board is composed of the following members: the State Treasurer, ex officio, who shall be the Chairman of the Tax Review Board; the Chairman of the Utilities Commission, ex officio; and a member appointed by the Governor. The augmented Tax Review Board [ATRB] includes the Secretary of Revenue in addition to the other members of the regular Tax Review Board.

The relevant purpose of the regular Tax Review Board is to hear appeals from decisions of the Secretary of Revenue as an "appellate administrative agency having quasi-judicial authority" and holding such hearings strictly on the record of appeal from the Secretary. N.C. Admin. Code tit. 20, r. 4.0201 (June 2004). The relevant purpose of the ATRB is to "consider petitions from corporate taxpayers for use of alternate allocation formulas in determining tax bases for" income taxes. N.C. Admin. Code tit. 20, r. 4.0301 (June 2004). Concerning the ATRB, there is no reference to it as an appellate administrative agency.

The ATRB composition of the Tax Review Board (with the Secretary of Revenue as one of the decision makers for the Board) is used only in specific instances as required in N.C. Gen. Stat. §§ 105-122 and 105-130.4. Therefore, as used throughout N.C. Gen. Stat. § 105-130.4(t), the "Tax Review Board" refers to the ATRB. However, because the ATRB initially reviews a corporate peti-

tioner's claim for relief from its apportionment formula, not as an "appellate administrative agency," the function of ATRB is quite different, as are the implications of its decisions. The Secretary is actually a member of the ATRB, voting in the decision, and not a party by way of appeal before the regular Tax Review Board.

Turning now to the merits of petitioner's claim. N.C. Gen. Stat. § 105-130.4(t)(1) states in relevant part:

> If any corporation believes that the method of allocation or apportionment as administered by the Secretary has operated or will so operate as to subject it to taxation on a greater portion of its income than is reasonably attributable to business or earnings within the State, it may file with the Tax Review Board a *petition* setting forth the facts upon which its belief is based and its argument with respect to the application of the allocation formula. . . . At least three members of the Tax Review Board shall attend any hearing pursuant to such petition. In such cases, the Tax Review Board's membership shall be augmented by the addition of the Secretary, who shall sit as a member of the Board with full power to participate in its deliberations and decisions with respect to petitions filed under the provisions of this subsection. An informal record containing in substance the evidence, contentions and arguments presented at the hearing shall be made. All members of the *augmented Tax Review Board* shall consider such evidence, contentions and arguments and the decisions thereon shall be made by a majority vote of the *augmented Board.*

(Emphasis added.) When a corporation makes such a petition, N.C. Gen. Stat. § 105-130.4(t)(2) & (3) allows for the petitioner to have the ATRB consider the following: instances where a detailed accounting "of receipts and expenditures [] reflects more clearly than the applicable allocation formula prescribed by this section the income attributable to the business within this State," N.C. Gen. Stat. § 105-130.4(t)(2); or "the corporation shows any other method of allocation than the applicable allocation formula prescribed by this section reflects more clearly the income attributable to the business within this State." N.C. Gen. Stat. § 105-130.4(t)(3). To seek redress from an adverse decision from the ATRB, N.C. Gen. Stat. § 105-130.4(t)(6) provides:

> When the Secretary asserts liability under the formula adjustment decision of the [Augmented] Tax Review Board, an aggrieved cor-

**IN RE PETITION OF CENT. TEL. CO.**

[167 N.C. App. 14 (2004)]

poration *may pay the tax and bring a civil action for recovery under the provisions of Article 9.*

(Emphasis added.)

In the case at bar, in lieu of application of the apportionment formula, petitioner petitioned the ATRB to consider both a separate accounting pursuant to N.C. Gen. Stat. § 105-130.4(t)(2), or in the alternative, a bifurcated apportionment formula pursuant to N.C. Gen. Stat. § 105-130.4(t)(3). The ATRB denied the petitioner's request, finding petitioner had not overcome the statutory presumption that the appropriate apportionment formula reasonably attributes the corporation's income earned in the state. N.C. Gen. Stat. § 105-130.4(t)(4). Petitioner contends that N.C. Gen. Stat. § 105-130.4(t)(6) creates jurisdiction in the superior court to give appellate review of the ATRB's decision. We do not agree.

N.C. Gen. Stat. § 105-130.4(t)(6) directs the aggrieved taxpayer to pay any tax liability, and bring a civil action under Article 9 of North Carolina's Tax Code. Following the language of that statute, petitioner was directed to the provision of Article 9 of the tax code for an "Action to recover tax paid." N.C. Gen. Stat. § 105-241.4; *see also*, N.C. Admin. Code tit. 20, r. 4.0310.[2] In relevant part, this statute states:

> Within 30 days after notification of the Secretary's decision with respect to liability under this Subchapter or Subchapter V, any taxpayer aggrieved thereby, in lieu of petitioning for administrative review thereof by the Tax Review Board under G.S. 105-241.2, may pay the tax and bring a civil action for its recovery as provided in G.S. 105-267.

N.C. Gen. Stat. § 105-241.4. Following the language of this statute, a petitioner is directed to N.C. Gen. Stat. § 105-267 (2003) which, in relevant part, states:

> Whenever a person has a valid defense to the enforcement of the collection of a tax, the person shall pay the tax to the proper officer, and that payment shall be without prejudice to any defense of rights the person may have regarding the tax. At any time

---

2. We note that the State argued in its brief that N.C. Gen. Stat. § 105-241.4 does not apply at all to this case because it is limited to when taxpayers have received administrative review. This is not correct. We read the plain language of N.C. Gen. Stat. § 105-241.4 as a clear and alternate route of recovery that allows a taxpayer to bypass, or cut short, administrative review under N.C. Gen. Stat. § 105-241.2 and N.C. Gen. Stat. § 105-241.3, and proceed to litigate the tax liability in superior court.

**IN RE PETITION OF CENT. TEL. CO.**

[167 N.C. App. 14 (2004)]

within the applicable protest period, the taxpayer may demand a refund of the tax paid in writing from the Secretary and if the tax is not refunded within 90 days thereafter, may sue the Secretary in the courts of the State for the amount demanded. . . . The protest period for all other taxes is three years after payment.

The suit may be brought in the Superior Court of Wake County, or in the county in which the taxpayer resides at any time within three years after the expiration of the 90-day period allowed for making the refund. If upon the trial it is determined that all or part of the tax was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, judgment shall be rendered therefor, with interest, and the judgment shall be collected as in other cases. The amount of taxes for which judgment is rendered in such an action shall be refunded by the State. G.S. 105-241.2 provides an alternate procedure for a taxpayer to contest a tax and is not in conflict with or superseded by this section.

Therefore, ultimately N.C. Gen. Stat. § 105-267 is the relevant "blueprint" for a petitioner's relief from an adverse decision by the ATRB. Additionally, a corporation is not required to first petition the ATRB before pursuing redress under N.C. Gen. Stat. § 105-267. *Oil Corp.,* 267 N.C. at 19, 147 S.E.2d at 526. The plain, unambiguous language of that statute requires the petitioner to pay the tax and file a civil action in superior court against the Secretary. Pursuant thereto, a "trial" is held to determine whether the Secretary's tax assessment was correct. Therefore, the superior court determines this issue pursuant to its original jurisdiction. *Duke v. Shaw, Commissioner of Revenue,* 247 N.C. 236, 240, 100 S.E.2d 506, 508-09 (1957) (where our Supreme Court explained that the only time the superior court has appellate jurisdiction in reviewing the Secretary's tax assessment is when the regular Tax Review Board, upon its review of the Secretary's final decision, renders a decision pursuant to N.C. Gen. Stat. § 105-241.2 and N.C. Gen. Stat. § 105-241.3.).

The tax regulation for "Appeals from the Decision" of the ATRB, relied on heavily by petitioner, at first blush purports to grant appellate jurisdiction in the superior court to review a decision by the ATRB. It states:

When the Secretary of Revenue asserts liability under the formula adjustment decision of the board, an aggrieved corporation may pay the tax and bring a civil action for recovery under the provi-

sions of G.S. 105-241.4. On appeal the superior court will view the hearing record of the augmented board. This record will consist of claimant's petition, brief, evidence, documents, and papers and the final decision of the board.

N.C. Admin. Code tit. 20, r. 4.0310. However, a close reading of this regulation reveals that it is inconsistent. The first half of the regulation requires the aggrieved corporation to pay its tax and bring a civil action pursuant to N.C. Gen. Stat. § 105-241.4. As set out above, this civil action is to be filed in accord with N.C. Gen. Stat. § 105-267 and is therefore before the superior court pursuant to its original jurisdiction. However, the last two sentences of N.C. Admin. Code tit. 20, r. 4.0310 seem to confer appellate jurisdiction upon the superior court, where the court will consider only the record of the ATRB hearing. We can find no statutory authority for the creation of this appellate jurisdiction, and it conflicts with the regulation's direction to N.C. Gen. Stat. § 105-241.4 and ultimately N.C. Gen. Stat. § 105-267. *See* N.C. Gen. Stat. § 150B-21.9(a)(1) (Regulations must be "within the authority delegated to the agency by the General Assembly."). To the extent this regulation is inconsistent with its statutory authority, we hold it to be invalid and without legal effect.

Additionally, petitioner argues that N.C. Gen. Stat. § 150B-43 of the APA provides appellate jurisdiction in the superior court over decisions by the ATRB. However, in light of the direction of N.C. Gen. Stat. § 105-130.4(t)(6) to N.C. Gen. Stat. § 105-241.4 after paying the tax liability, we do not agree. Generally, a taxpayer contesting liability has two routes in seeking relief. The first is by way of administrative review: without paying the contested tax liability, a taxpayer must obtain a hearing before the Secretary of Revenue, and assuming the party is aggrieved, the regular Tax Review Board will review the Secretary's final decision. *See* N.C. Gen. Stat. § 105-241.2. If an adverse decision from the regular Board is received, then the taxpayer may pay the tax and penalties, and appeal to the superior court for *appellate review* of the regular Board's decision pursuant to Article 4 of N.C. Gen. Stat. § 150B. N.C. Gen. Stat. § 105-241.3. This is also explained in the regulations for the regular Tax Review Board:

> Any taxpayer aggrieved by the decision of the *regular board* may either pay the tax, penalties and interest asserted to be due or may file with the Secretary of Revenue a bond in the amount due and then appeal the decision of the board to the superior court under the provisions of Article 4 of Chapter 150B of the General Statutes.

N.C. Admin. Code tit. 20, r. 4.0208 (June 2004) (emphasis added). The second route in which a taxpayer may seek relief is to bypass administrative review, pay the tax liability immediately, and bring a civil action for its recovery pursuant to N.C. Gen. Stat. § 105-267. N.C. Gen. Stat. § 105-241.4. There is also a hybrid of these two routes, such that, in lieu of appealing for superior court review of the regular Tax Review Board's decision made pursuant to N.C. Gen. Stat. § 105-241.2, the taxpayer can pay the tax and file a civil action for recovery under N.C. Gen. Stat. § 105-241.4 in the superior court's original jurisdiction.

In sum, administrative review is a process invoked by receiving a final decision from the Secretary, and appealing that decision to the regular Tax Review Board which then renders a final decision. *See Duke*, 247 N.C. at 240, 100 S.E.2d at 508-09. The administrative review route is not an option for corporations contesting the applicable apportionment formula before the ATRB, as the plain language of N.C. Gen. Stat. § 105-130.4(t)(6) requires aggrieved corporations to "pay the tax and *bring* a civil action," thus directing them to N.C. Gen. Stat. § 241.4 (emphasis added).[3] Additionally, the APA provides for a right of judicial review under its provisions when

> [a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule . . . unless adequate procedure for judicial review is provided by another statute in which case the review shall be under such other statute.

N.C. Gen. Stat. § 150B-43. Therefore, we cannot find appellate jurisdiction in the superior court for the ATRB's decision, which is allowed only in the route statutorily foreclosed to these contesting corporations and an alternative route of judicial review is available.

We find support not only in the plain language of N.C. Gen. Stat. § 105-130.4(t)(6), N.C. Gen. Stat. § 105-241.4, and N.C. Gen. Stat. § 105-267, all directing an aggrieved corporation to file a civil action, but additionally in the statutory language setting the parameters of the regular Tax Review Board when conducting hearings:

---

3. This is logical when considering that it is the Secretary that augments the Tax Review Board for petitions under N.C. Gen. Stat. § 105-130.4(t). Because both the members of the regular Tax Review Board and the Secretary consider the corporation's petition before the ATRB, it would be superfluous to revert their decision back into the administrative process and before the same decision makers.

The chairman or any two members, upon five days' notice, may call a meeting of the Board; provided, any member of the Board may waive notice of a meeting and the presence of a member of the Board at any meeting shall constitute a waiver of the notice of said meeting. A majority of the members of the Board shall constitute a quorum, and *any act or decision of a majority of the members shall constitute an act or decision of the Board, except for the purposes and under the conditions of the provisions of G.S. 105-122 and 105-130.4.*

N.C. Gen. Stat. § 105-269.2 (emphasis added). The language of this statute suggests that decisions by the ATRB pursuant to petitions brought under N.C. Gen. Stat. § 105-130.4(t), do not "constitute an act or a decision by the [Tax Review] Board." *Id.* This is consistent with the fact that aggrieved corporations are not directed to the administrative appeal route as laid out above, because as this statutory language suggests, they have not been rendered an administrative "decision" by the regular Tax Review Board which would be capable of administrative review. Once the ATRB decision to deny variation of a corporate statutory apportionment formula has been rendered, petitioner must pay its liability under the presumptive formula, though it believes such payment may be unconstitutional. Our Supreme Court has long held that N.C. Gen. Stat. § 105-267 is the appropriate procedure under which to challenge an income tax not attributable to North Carolina and which the State may not constitutionally tax. *Oil Corp.,* 267 N.C. at 20, 147 S.E.2d at 526. "The law does not contemplate that administrative boards shall pass upon constitutional questions." *Id.; see Johnston v. Gaston County,* 71 N.C. App. 707, 713, 323 S.E.2d 381, 384 (1984), *disc. review denied,* 313 N.C. 508, 329 S.E.2d 392 (1985); *Meads v. N.C. Dep't of Agric.,* 349 N.C. 656, 669-70, 509 S.E.2d 165, 174 (1998). Therefore, we hold such challenges must be heard *de novo* in superior court pursuant to that court's original jurisdiction.

In conclusion, we hold that there is no administrative appeal process from decisions made by the ATRB, but, as directed by N.C. Gen. Stat. § 105-130.4(t)(6), N.C. Gen. Stat. § 105-241.4, and N.C. Gen. Stat. § 105-267, the corporate tax must be paid and recovery sued for in superior court.

All assignments of error raised by this issue are overruled.

### State and Federal Constitutional Claims

[2] Next, petitioner contends that if decisions from the ATRB pursuant to N.C. Gen. Stat. § 105-130.4(t) are unreviewable by the superior court, then the statute violates petitioner's state and federal constitutional rights of due process. Petitioner is correct in its assertion that a taxpayer must be given both a fair opportunity to challenge the tax and a clear and certain remedy for any erroneous and unlawful tax collection. *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 51-52, 110 L. Ed. 2d 17, 45 (1990). However, pursuant to the analysis below, we hold that petitioner has been afforded both a fair opportunity to challenge the tax and a clear and certain remedy.

"The taxpayer asserting nonliability may be afforded constitutional protection by *either* administrative or judicial review." *Kirkpatrick v. Currie, Comr. of Revenue*, 250 N.C. 213, 215, 108 S.E.2d 209, 210 (1959). There is no requirement the taxpayer be afforded both. As held above, we have determined that an aggrieved party from the ATRB decision is ultimately directed to the exclusive redress as provided in N.C. Gen. Stat. § 105-267. In *Kirkpatrick*, our Supreme Court held that "[t]his statute permitting payment to be made under protest with a right to bring an action to recover the monies so paid is constitutional and accords the taxpayer due process." *Id.*

When an aggrieved corporation petitions the ATRB to review an alleged unconstitutional application of the relevant apportionment formula, as occurred in the case at bar, they are challenging the lawfulness of the statutory apportionment formula either generally, or as applied to them. In *Coca-Cola Co. v. Coble, Sec. of Revenue*, 293 N.C. 565, 568, 238 S.E.2d 780, 783 (1977), the Supreme Court held that, where a tax is challenged as unlawful rather than excessive or incorrect, the appropriate remedy is to bring suit under N.C. Gen. Stat. § 105-267; *see also Oil Corp.*, 267 N.C. at 20, 147 S.E.2d at 526 (where the Court held N.C. Gen. Stat. § 105-267 is the appropriate statute to test the constitutionality of an income tax statute or its application). Therefore, when choosing to petition the ATRB to challenge the legality of the statutory apportionment formula for a specific tax year, an aggrieved petitioner is afforded due process in seeking relief from an adverse decision by way of a *de novo* action in superior court brought pursuant to its original jurisdiction. Petitioner's constitutional challenges would have merit only if, after

a decision by the ATRB was rendered, they were completely left without some redress.

All assignments of error raised by this issue are overruled.

### Petitioner's Day in Court

[3] Petitioner contends that, in affirming the trial court's dismissal based on lack of subject matter jurisdiction, we have denied the corporation its day in court to contest the constitutionality of the tax liability asserted against them for the year of 1991. We do not agree.

Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question. *Id.* Appellate jurisdiction of the superior court is derivative from an independent tribunal of original jurisdiction. *See, e.g., In re Will of Hine*, 228 N.C. 405, 411, 45 S.E.2d 526, 530 (1947) (superior court has appellate jurisdiction derived from the clerk of the superior court in the exercise of probate jurisdiction); *In re Simmons*, 266 N.C. 702, 706-07, 147 S.E.2d 231, 234 (1966) (For the appointment and removal of guardians, the appellate jurisdiction of the superior court is derivative and appeals present for review only errors of law committed by the clerk); and *Sherrill v. Town of Wrightsville Beach*, 76 N.C. App. 646, 649, 334 S.E.2d 103, 105 (1985) (Under N.C. Gen. Stat. § 160A-388(e), the superior court, and this Court, through our derivative appellate jurisdiction, had the statutory power to review only the issue of whether a variance was properly denied. The constitutionality of the zoning ordinance from which the variance was sought was not properly part of the proceedings since the denial of the variance never addressed the validity of the zoning ordinance.).

We have held in this opinion that there is no right to judicial review of a decision by the ATRB. As provided in the analysis above, the superior court lacks any derivative appellate jurisdiction from the ATRB. Therefore, the trial court is without jurisdiction to review an appeal from the ATRB, and the petition for such review was properly dismissed. Petitioner's day in court was available pursuant to N.C. Gen. Stat. § 105-267, in the superior court's original jurisdiction, by bringing a civil action against the Secretary for a refund of the paid income tax. The record indicates that petitioner has initiated such a claim. Issues related to that action, specifically as to whether or not

it was timely filed, are not before this Court, and we have no juris-diction to review them in this appeal. Petitioner's day in court on those issues should be raised in a *de novo* hearing in superior court, or on appeal from any final decision from that court.

After careful consideration of the issues raised by petitioner properly before our Court, we affirm the trial court's dismissal of this case based on its lack of subject matter jurisdiction to review a deci-sion by the ATRB.

Affirmed.

Judges McGEE and ELMORE concur.