CENTRAL TELEPHONE COMPANY, PETITIONER v. E. NORRIS TOLSON, SECRETARY OF REVENUE, STATE OF NORTH · CAROLINA AND HIS SUCCESSORS, RESPONDENT

No. COA04-1224

(Filed 15 November 2005)

### 1. Taxation— Tax Review Board—jurisdiction

The Tax Review Board lacked subject matter jurisdiction over petitioner's refund claim because the claim rested on the use of an alternate formula, which the Augmented Tax Review Board had not authorized. The Augmented Tax Review Board is vested with exclusive power to allow use of any method not provided by statute, and the Tax Review Board properly dismissed the claim.

CENTRAL TEL. CO. v. TOLSON

[174 N.C. App. 554 (2005)]

**2. Taxation— refund—use of alternate apportionment formula—Augmented Board decision—controlling**

The Augmented Tax Review Board's denial of petitioner's request to use an alternate apportionment formula controlled the Tax Review Board's decision on petitioner's refund claim because the ultimate issue was the same, although different remedies were sought.

**3. Taxation— Tax Review Board—jurisdiction—constitutional issues**

As an administrative tribunal, the Tax Review Board lacked the authority or jurisdiction to make a determination regarding the constitutionality of the tax resulting from application of N.C.G.S. § 105-130.4.

**4. Taxation— denial of alternate formula—redress**

Petitioner was not without redress for the denial of the use of an alternate apportionment formula because N.C.G.S. § 105-267 provides an avenue for filing a civil action under the superior court's original jurisdiction.

**5. Taxation— Tax Review Board—jurisdiction**

The trial court properly did not reach the merits of petitioner's tax refund claim where it correctly determined that the Tax Review Board lacked jurisdiction.

Appeal by petitioner from an order entered 3 June 2004 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 10 May 2005.

*Morrison & Foerster LLP, by Paul H. Frankel (pro hac vice) and Alston & Bird LLP, by Jasper L. Cummings, Jr., for petitioner-appellant.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Kay Linn Miller Hobart, for respondents-appellees.*

JACKSON, Judge.

Central Telephone Company ("petitioner") appeals from an order of the Wake County Superior Court entered 3 June 2004 affirming the Tax Review Board's ("the Tax Board") dismissal of petitioner's petition for administrative review of the Secretary of Revenue's ("the

Secretary") denial of petitioner's refund claim. The facts giving rise to this appeal are undisputed. Petitioner, during the relevant period, was a Delaware Corporation with its principal place of business in Chicago, Illinois and was authorized to do business in North Carolina. Petitioner's business included providing telecommunication services in North Carolina, Iowa, Minnesota and Nevada. In 1991 petitioner sold its operating divisions in Iowa and Minnesota resulting in a realized gain to petitioner of $170,331,652.00.

Because petitioner believed that the gain from this sale of its operating divisions in Iowa and Minnesota would result in disproportionate and improper North Carolina state income tax under North Carolina's standard apportionment formula, petitioner filed a petition with the Augmented Tax Review Board ("Augmented Board") pursuant to North Carolina General Statutes, section 105-130.4(t). In this petition, petitioner requested permission to file its North Carolina return using the separate accounting method rather than the statutory apportionment formula to reflect more accurately its North Carolina taxable income. No decision on the claim had been made by 19 September 1992, the date petitioner's return was due after being granted an extension of time to file, and petitioner filed its claim using the statutory apportionment formula and paid the resulting tax liability.

The Augmented Board subsequently denied petitioner's request on 16 June 1995, thus requiring the use of the statutory apportionment formula to calculate petitioner's 1991 North Carolina taxes. Petitioner filed an amended 1991 North Carolina corporate income tax return on 17 July 1995 using a bifurcated apportionment method to calculate its tax liability. Contemporaneously with its amended return, petitioner filed a claim for a refund with the Secretary, pursuant to North Carolina General Statutes, section 105-266.1, in excess of four million dollars. An administrative hearing was held regarding the refund claim. Petitioner raised three issues at the hearing: (1) whether petitioner was authorized to use an alternate formula or apportionment method in making its 1991 North Carolina income tax return; (2) whether the income from the sale of petitioner's Iowa and Minnesota operating divisions was business or non-business income; and (3) whether North Carolina constitutionally was precluded from taxing the gains from the sale of the Iowa and Minnesota operating divisions as they were not part of petitioner's unitary business.

On 29 December 2000, the Secretary denied petitioner's first issue on the basis that authority to grant the requested relief was not

vested in the office of the Secretary. The second issue raised by petitioner also was denied on 29 December 2000 on the basis that petitioner, and not petitioner's North Carolina subsidiary, was the taxpayer and the gain from the sale of the Iowa and Minnesota operating divisions was the business income of petitioner. The Secretary took the third issue under advisement, ordering petitioner to produce certain documents relevant to the determination of that issue by 30 June 2001. On 19 November 2001, after petitioner failed to produce the documents as ordered by the Secretary, the third issue was decided against petitioner on the separate and independent bases that: (1) in the absence of evidence that the income should be excluded from petitioner's unitary business income, a constitutional issue had been raised and that the Secretary had no authority to rule on constitutional issues; (2) petitioner had failed to carry its burden of showing by clear and cogent evidence that the Iowa and Minnesota divisions were unrelated to petitioner's business activity and constituted discrete business enterprises from petitioner as a whole; and (3) petitioner's amended return, as filed, was not a lawful return and therefore the Secretary had no authority to issue a refund based upon the amended return. Additionally, the Secretary dismissed petitioner's refund claim as a sanction for its refusal to comply with the order to produce additional documents which were deemed necessary to the determination of the final issue presented by petitioner.

Petitioner timely petitioned the Tax Board for review of the Secretary's denial of its refund claim. The Tax Board dismissed petitioner's refund claim on 4 June 2002 for lack of jurisdiction and petitioner filed a petition for judicial review in Wake County Superior Court on 3 July 2002. The court affirmed the Tax Board's dismissal of the refund claim on 3 June 2004. Petitioner timely appealed to this Court.

In addition to the instant appeal, petitioner also had pursued review of the Augmented Board's denial of its petition to use a method other than the statutory apportionment formula for the calculation of its North Carolina Corporate income tax. That review ultimately resulted in an appeal before this Court: *In re the Petition of Cent. Tel. Co.*, 167 N.C. App. 14, 604 S.E.2d 680 (2004), *appeal dismissed and disc. review denied*, 359 N.C. 281, 610 S.E.2d 203 (2005) ("*Central Telephone I*"). Our opinion in *Central Telephone I*, affirming the denial of the petition to utilize an alternate apportionment formula, is instructive in the instant case, as many of the issues are similar.

Petitioner argues that the superior court committed reversible error in affirming the Tax Board's dismissal of its petition for review because: (1) the Tax Board failed to consider the merits of petitioner's argument that the 1991 gain was not apportionable; (2) the decision of the Augmented Board was not an adequate basis for dismissal of the petition as different remedies were sought in the two proceedings; (3) the effect of the dismissal was to leave petitioner without any avenue of appeal on the merits of the issue; (4) the court considered matters on review not considered by the Tax Board; and alternatively; (5) if the petition was denied on the merits, the 1991 gain was not apportionable under the Due Process and Commerce Clauses of the United States Constitution.

[1] Petitioner first argues that the superior court committed reversible error in affirming the Tax Board's dismissal of its petition for review of the Secretary's denial of its refund claim because the Tax Board failed to consider the merits of petitioner's argument that the 1991 gain was not apportionable. The Tax Board dismissed the petition for lack of subject matter jurisdiction over the basis for the claim. Subject matter jurisdiction refers to the authority, conferred by statute or the state constitution, of a tribunal to resolve a particular type of controversy. *See Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987).

The basis for petitioner's refund claim is its amended 1991 income tax return that utilized a bifurcated formula for apportioning its income to North Carolina. This formula differs from the statutorily prescribed method, and the Augmented Board is vested with the exclusive power to allow the use of any method other than that statutorily provided. N.C. Gen. Stat. § 105-130.4(t)(4) (2000). As the Augmented Board had not authorized petitioner to utilize an alternate formula, the use of the bifurcated formula rendered petitioner's return unlawful. *Id.* The Tax Board did not have the authority to allow petitioner to use an alternate formula in this instance and the Tax Board was not authorized to take any action which would have made the return lawful. To grant petitioner's refund claim based on the amended return utilizing an unauthorized alternate apportionment formula would have been tantamount to authorizing the use of that formula. The Tax Board lacked subject matter jurisdiction over the matter as it had no power to do so.

When subject matter jurisdiction over a matter is lacking, it is unnecessary to reach the merits of the controversy. *See In re N.R.M.*, 165 N.C. App. 294, 301, 598 S.E.2d 147, 151 (2004). Nor would it be

proper for us to reach the merits, as the lack of subject matter jurisdiction deprives a tribunal of any authority to reach a resolution of the matter in any case. *See Harris*, 84 N.C. App. at 667, 353 S.E.2d at 675. As discussed *supra*, the Tax Board lacked subject matter jurisdiction over the basis for the petition and therefore it properly was dismissed without reaching the merits of petitioner's argument. This assignment of error is overruled.

**[2]** Petitioner next argues that the Augmented Board's ruling denying petitioner's request to use an alternate apportionment formula was not an adequate basis for the Tax Board's dismissal of the petition as different remedies were sought in the two proceedings. As previously discussed, the basis for petitioner's refund claim in the instant action is its amended income tax return which was completed using an alternate apportionment formula. Accordingly, although the remedies sought were different, the ultimate issue to be decided was the same—whether petitioner was authorized to use a method of apportionment other than that statutorily prescribed. The Augmented Board previously had denied petitioner's request to utilize an alternate apportionment formula to calculate its North Carolina taxable income. Because of the Augmented Board's previous denial of the use of an alternate formula, petitioner's amended return utilizing that formula was unlawful. Consequently, the ruling of the Augmented Board was controlling on the Tax Board's decision in this matter.

**[3]** Further, as an administrative tribunal, the Tax Board lacked the authority or jurisdiction to make a determination regarding the constitutionality of the tax resulting from the application of North Carolina General Statutes, section 105-130.4. It is a "well-settled rule that a statute's constitutionality shall be determined by the judiciary, not an administrative board." *Meads v. North Carolina Dep't of Agric.*, 349 N.C. 656, 670, 509 S.E.2d 165, 174 (1998); *see also Coca-Cola Co. v. Coble*, 293 N.C. 565, 238 S.E.2d 780 (1977) (N.C. Gen. Stat. § 105-266.1 confers no authority upon the Secretary to refund an illegal or invalid tax because questions of constitutionality must be decided by the courts).

Clearly, the Tax Board had no subject matter jurisdiction over any of the issues brought before it by petitioner and the petition was properly dismissed. Accordingly, this assignment of error is overruled.

**[4]** Petitioner's third argument that the dismissal of its petition for review effectively left petitioner without an opportunity to appeal the

Commissioner's ruling on its refund claim on its merits is unpersuasive. In *Central Telephone I*, this Court addressed petitioner's similar due process claim and held that such a claim would have merit only if petitioner was completely without redress after a decision was made by the Augmented Board. 167 N.C. App. at 26-7, 604 S.E.2d at 688.

North Carolina General Statutes, section 105-267 provides an avenue for an aggrieved taxpayer to file a civil action under the superior court's original jurisdiction against the Secretary for the refund of overpaid taxes. Further, section 105-267 affords the exclusive means for challenging the levy of an unlawful tax, even on constitutional grounds. *Bailey v. State*, 330 N.C. 227, 235, 412 S.E.2d 295, 300 (1991), *cert. denied*, 504 U.S. 911, 118 L. Ed. 2d 547 (1992), *overruled in part on other grounds by Bailey v. State*, 348 N.C. 130, 167, 500 S.E.2d 54, 76 (1998). Here, petitioner had an adequate means of redress and accordingly its due process argument is without merit. Petitioner filed an action pursuant to section 105-267 which was dismissed as untimely. The issue of whether the dismissal of that action was proper is not before us. Therefore, this assignment of error is overruled.

[5] Petitioner's next argument is that the trial court exceeded its jurisdictional limits in reviewing the Tax Board's decision on the refund claim by considering matters that the Tax Board did not. A superior court, sitting as an appellate court over an administrative body's decision, has jurisdiction to review only those issues decided by the administrative body as its jurisdiction is derivative from the original jurisdiction of the body being reviewed. *Central Telephone I*, 167 N.C. at 27, 604 S.E.2d at 688.

The Tax Board's denial of petitioner's refund claim was based on the fact that petitioner had utilized an alternate allocation method in calculating its tax liability and corresponding refund and that the Augmented Board had not authorized the use of such a method. Accordingly, the trial court's review was limited to whether the Augmented Board's decision supported dismissal of the petition. As we held in *Central Telephone I*, the appropriate method for obtaining review of a decision of the Augmented Board is by filing a civil action pursuant to North Carolina General Statutes, section 105-267. Absent such a review overturning the decision of the Augmented Board, the Tax Board lacked subject matter jurisdiction to order a refund based on factors contrary to that decision.

LEWIS v. CRAVEN REG'L MED. CTR.

[174 N.C. App. 561 (2005)]

Contrary to petitioners assertions, the trial court did not reach the merits of petitioner's refund claim. The trial court determined that the Tax Board's dismissal of petitioner's refund claim was proper as it lacked jurisdiction over the matters brought before it. This assignment of error is overruled.

Petitioner's final assignment of error was raised in the alternative in the event that this Court found that its petition had been dismissed on its merits. As we have held that the petition properly was dismissed for lack of subject matter jurisdiction and not on its merits, it is unnecessary to reach petitioner's additional assignments of error.

Affirmed.

Judges WYNN and BRYANT concur.